UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GENESOTO,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN REMINGTON THE MORTGAGE LAW FIRM,<br><br>    Defendants. | Case No. 2:19-cv-00282-KJM-AC<br><br><br><u>ORDER</u> |

On February 13, 2019, plaintiff Eric Genesoto, proceeding pro se, filed a document, "complaint & temporary restraining order – permanent-injunction & demand to strike pleading filed in the case," which the court construes as a request for a temporary restraining order. Req., ECF No. 1. Plaintiff has not complied with the court's local rules and, regardless, it is impossible for the court to determine the relief plaintiff seeks and whether he has standing to seek that relief. Accordingly, the court DENIES the motion without prejudice.

Under Local Rule 231, which governs temporary restraining orders, the court "consider[s] whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. R. 231(b). As discussed below, plaintiff has not identified any critical date in this action and he provides the court with no reason to conclude he could not have sought relief earlier. To that end, in his temporary restraining order checklist, plaintiff responds

1

to the question, "Could this have been brought earlier?" by checking the box for "No," and writing, "Yesterday, closed." *Id.* Further, Local Rule 231 requires a party seeking a temporary restraining order to file several documents, including "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . . ." E.D. Cal. R. 231(c). Plaintiff has made no attempt to satisfy this requirement. In his temporary restraining order checklist, plaintiff responds to the question, "Did applicant discuss alternatives to a TRO hearing?" with only "n/a." TRO Checklist, ECF No. 2 at 1. The court may deny plaintiff's motion on these grounds alone. *See, e.g.*, *Holcomb v. California Bd. of Psychology*, No. 2:15–cv–02154–KJM–CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (noting court had denied "plaintiff's motion without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

Substantively, however, plaintiff's motion does not permit the court to properly analyze his request for relief, much less grant any such request. Plaintiff suggests he is attempting to stop a foreclosure sale, though he does not provide the date of any foreclosure sale and at times suggests the property at issue was already sold. *See* TRO Checklist at 1-2 (indicating plaintiff wishes to "stop foreclosure sale" and identifying the irreparable injury at stake as "loss of home"); Req. at 1 (alleging "wrongful foreclosure practices actions [sic]" and requesting "declarative and injunctive relief concerning a foreclosure conducted by entities who did not hold the authority to execute power of sale clause"); Req. at 7 (alleging "[t]he homeowner will suffer 'irreparable injury' if the judge doesn't stop the foreclosure immediately"). Elsewhere, however, plaintiff refers to an unlawful detainer action, suggesting he may be attempting to stop an eviction. *See id.* at 5 ("The defect is fatal, there cannot be any 'duly perfected title' that serves as the basis for foreclosing party's Unlawful Detainer case. The eviction case must be dismissed . . . ."); *id.* at 13 ("Plaintiff will suffer 'irreparable injury' so the Judge must stop the eviction, vacate the foreclosure judgment, and any proceedings immediately."). Further complicating matters, plaintiff attaches two exhibits to his request, a notice of default and election to sell recorded on February 20, 2018, and a deed of trust recorded on May 14, 2014, but both of those documents identify James A. Bogart, Jr. and Renee M. Bogart, not plaintiff, as the borrowers.

*See id.* at 19-28.  Nowhere in the body of his request does plaintiff refer to or identify the Bogarts.

These contradictory and incomplete allegations leave the court unable to determine whether plaintiff is attempting to stop a foreclosure sale, whether a foreclosure sale has already taken place, whether plaintiff is the owner of the property at issue, or whether plaintiff is a tenant attempting to stop an eviction.  Accordingly, plaintiff has not established a likelihood of success on the merits, a likelihood he will suffer irreparable harm absent preliminary injunctive relief, that the balance of equities tips in his favor, or that preliminary injunctive relief is in the public interest.  *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

The motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  February 14, 2019.

_____
UNITED STATES DISTRICT JUDGE

3