UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GENESOTO,<br><br>          Plaintiff,<br><br>   v.<br><br>RYAN REMINGTON, THE MORTGAGE LAW FIRM,<br><br>          Defendants. | Case No. 2:19-cv-00282-KJM-AC |
| ERIC GENESOTO,<br><br>          Plaintiff,<br><br>   v.<br><br>RYAN REMINGTON, THE MORTGAGE LAW FIRM, ACADEMY MORTGAGE CORP,<br><br>          Defendants. | Case No. 2:19-cv-00368-TLN-KJN<br><br>ORDER |

On February 14, 2019, in case number 2:19-cv-00282-KJM-AC, this court denied without prejudice plaintiff Eric Genesoto's motion for a temporary restraining order. ECF No. 6. On March 1, 2019, in case number 2:19-cv-00368-TLN-KJN, plaintiff filed a complaint and a motion for a temporary restraining order. Compl., ECF No. 1 (complaint); Mot., ECF No. 5. As

/////

explained below, the court RELATES the cases and DENIES the motion for a temporary restraining order without prejudice.

I.  RELATED CASES

After examining the above-captioned actions, the court finds they are related within the meaning of Local Rule 123(a), as they involve the same questions of fact and law. *See* E.D. Cal. R. 123(a). The court therefore ORDERS that 2:19-cv-00368-TLN-KJN is reassigned from Judge Nunley to the undersigned and from Magistrate Judge Newman to Magistrate Judge Claire. It is further ORDERED that the Clerk of the Court make appropriate adjustments in the assignment of civil cases to compensate for this reassignment.

II.  TEMPORARY RESTRAINING ORDER

A.  Background

In its order denying plaintiff's first request for a temporary restraining order, the court explained plaintiff had not complied with Local Rule 231, did not identify the date of any critical event that required the court's immediate action, and provided vague and inconsistent allegations that prevented the court from reaching the merits of his claims. 2:19-cv-00282-KJM-AC, ECF No. 6. Plaintiff has taken no action in that case since the court denied his request.

In the second action, plaintiff filed a complaint alleging that on May 7, 2014, James A. Bogart, Jr. and Renee M. Bogart purchased property at 627 F. St., Marysville, California 95901, obtaining a loan from defendant Academy Mortgage Corporation. 2:19-cv-00368-TLN-KJN, Compl. at 8. Plaintiff attaches the following documents to his complaint:

- Deed of trust recorded May 14, 2014 indicating the Bogarts borrowed $144,337.00 and identifying Old Republic Title Company as trustees, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and Academy Mortgage Corporation as lender. Ex. B.

- Notice of default and election to sell executed by Ryan Remington of The Mortgage Law Firm, PLC and recorded on February 20, 2018, indicating the Bogarts were $26,315.45 behind in payments as of February 15, 2018. Ex. A.

/////

| | - Notice of trustee's sale executed by The Mortgage Law Firm, PLC as trustee and recorded July 23, 2018, indicating the Bogarts' property would be sold on August 16, 2018. Ex. C.

Plaintiff also filed a request for judicial notice of a trust transfer grant deed executed by Renee Bogart on April 7, 2018 and recorded on February 21, 2019 granting the property to "Eric Genesoto . . . as Trustee . . . ." ECF No. 4; *see* Compl. at 8 (alleging plaintiff "is the trustee of James A. Bogart Jr. and Renee Bogarts [sic] . . . property located at 627 F St. Marysville, California 95901, and claims an equitable and beneficial right of title to the real property described herein"). While all documents attached to plaintiff's complaint identify the borrowers as James Bogart and Renee Bogart, "Husband and Wife as Joint Tenants," Exs. A-C, Renee Bogart executed the trust transfer grant deed as "a married woman, as her sole and separate property," ECF No. 4 at 6. Plaintiff does not acknowledge or explain the discrepancy.

In his renewed temporary restraining order request, plaintiff asks "the court to force the Banks [sic] attorneys, the realtors, and the Property Management Companies to cease and decease [sic] all foreclosure processes . . . ." Mot. at 1. Plaintiff argues the sale should not proceed because "the foreclosure was not executed by the beneficiary, or the trustee," "[t]he person who signed the notice of default letter did not have standing," and "the wrong beneficiary executed the power of sale clause without standing." *Id.* at 2. Plaintiff also argues there is no evidence establishing that "the lender signed a contract to provide a loan" and "[t]he mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear." *Id.* With these allegations, plaintiff argues that aspects of the foreclosure process are void. *See id.* ("The wrongful foreclosure is Void . . . . the foreclosure is 'Void' due to the fact the wrong beneficiary executed the power of sale clause without standing . . . . the agent unlawfully signed the notice of default and notice to sale document to execute the power of sale clause in the deed of trust without standing to do so, and therefore the foreclosure is void"); *see also* Compl. at 3 ("[P]laintiffs [sic] have sufficiently alleged that the foreclosure was wrongful because the power of sale clause was Not [sic] executed by the beneficiary or the trustee listed in the deed of trust.") (emphasis omitted); Compl. at 10 ("The Attorney who signed the 'notice of

default' document to execute the power of sale clause did not have standing, and therefore notice of default has [sic] a fatal flaw, and the foreclosure judgment is void, and must be vacated.").

B. <u>Discussion</u>

To obtain a temporary restraining order without prior notice to the adverse party, the movant must identify "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1); *see* E.D. Cal. R. 231(b) ("[T]he Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."). Despite the court's guidance in its earlier order, plaintiff still has not identified a single critical date that requires the court's immediate action and instead continues to provide vague claims of impending irreparable harm. *See* Mot. at 1 ("The homeowners face unlawful eminent [sic] loss of their property . . . ."); *id.* at 4 ("The plaintiff will suffer 'irreparable injury' if the judge doesn't stop the foreclosure process immediately so the plaintiff can have a fair trial."); TRO Checklist, ECF No. 5-1 at 1 (stating plaintiff will suffer irreparable injury and loss of their property in response to questions whether plaintiff pursued alternatives to TRO hearing and avoided undue delay). These claims are insufficient. Moreover, even if plaintiff had identified any critical impending date, he makes no attempt to explain why he could not have sought relief in a regularly noticed motion that would have afforded his opponent an opportunity to respond, particularly where there is no indication plaintiff only recently learned of the foreclosure. *See Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 866 (N.D. Cal. 2017) (noting court had denied September 7, 2017 temporary restraining order motion for September 11, 2017 foreclosure sale where plaintiff had not explained why she "waited until the eve of the foreclosure sale to contact Defendants and file the TRO"). That plaintiff has renewed his first urgent motion more than two weeks after the court denied that motion leaves the court doubtful as to the true urgency of this new request and plaintiff's diligence in seeking relief.

The court also remains unable to determine whether plaintiff has a meritorious claim that could justify the extraordinary relief he seeks. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555

4

| 1 | U.S. 7, 20 (2008). Several of plaintiff's allegations are unexplained and unclear. *See, e.g.*, Mot. at
| 2 | 2 ("The mere fact the lender accepted the borrower's name on the lien to the property will prove
| 3 | the borrower owned the property free and clear."). Plaintiff's central claim appears to be that "the
| 4 | agent unlawfully signed the notice of default and notice to sale document to execute the power of
| 5 | sale clause in the deed of trust without standing to do so, and therefore the foreclosure is void." *Id.*
| 6 | The California Supreme Court has found a homeowner has standing to bring a wrongful foreclosure
| 7 | claim alleging a void assignment; in the wake of that decision, courts have found homeowners may
| 8 | not bring preemptive challenges to an entity's authority to foreclose. *See Yvanova v. New Century
| 9 | Mortg. Corp.*, 62 Cal. 4th 919, 923-24 (2016); *Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513,
| 10 | 516–17 (9th Cir. 2018). Here, the court need not decide whether plaintiff may pursue a pre-
| 11 | foreclosure challenge because his vague and conclusory allegations leave the court unable to find
| 12 | he has sufficiently alleged a void assignment.

The motion is DENIED without prejudice.

IT IS SO ORDERED.

DATED: March 8, 2019.

_____
UNITED STATES DISTRICT JUDGE

5